

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6489 | **DATE** | 12/12/2002 |
| **CASE TITLE** | Primax Recoveries Inc. Vs. Neal Goss etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, defendant's motion to dismiss is granted and plaintiff's claim is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | **DEC 1 3 2002** | | |
| | Notified counsel by telephone. | | date docketed | | 8 |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | | | date mailed notice | | |
| WAH | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PRIMAX RECOVERIES INCORPORATED, )
)
           Plaintiff, )
)
           vs. )    No. 02 C 6489
)
NEAL GOSS, a minor, by and through )
ROBERT M. GOSS, his father and next friend, )
)
           Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Primax Recoveries Incorporated (Primax) brings this suit seeking injunctive and declaratory relief to reinstate the lien on proceeds of a lawsuit between the defendant, Neal Goss, and third party tortfeasors. Defendant moves to dismiss the suit pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, defendant's motion is granted and plaintiff's claim is dismissed.

## BACKGROUND

The facts are taken from plaintiff's complaint. Robert Goss was an employee of AON Corporation and a participant in AON's heath care benefits program. As his son, defendant Neal Goss was a beneficiary under the terms of the plan. The plan contains a reimbursement provision that provides:

### COORDINATION WITH THIRD PARTY CLAIMS

No payment will be made for expenses incurred for injuries received in or as a result of an accident to the extent a third party is responsible for paying these expenses. These injuries include expenses arising out of, or in the course of, any employment for wage or profit, where it is determined that the individual is not covered by Workers' Compensation or similar law.



If you or a covered dependent incurs expenses for injuries received in an accident, for which CIGNA's Claims Administrator determines a third party may be liable, CIGNA's plan will provide its normal benefits. However, you first must agree, in writing, to refund at the time the amount of the third party's responsibility is determined and satisfied, the lessor of:

■       the amount actually paid by the plan for those expenses; or

■       an amount equal to the payment actually received from the third party for those expenses.

In the event you or a covered dependent subsequently files a Workers' Compensation claim, CIGNA's Claims Administrator shall have a lien on any amount or settlement to the extent you have already been reimbursed under the medical option.

On November 3, 1999, Neal was seriously injured in a sports accident. The health care plan advanced benefits on behalf of Neal in the amount of $491,641.78. Neal and his family filed personal injury lawsuits against third party tortfeasors allegedly responsible for Neal's injuries.

Primax, on behalf of the plan, asserted a lien against any potential recovery to the extent of the benefits advanced, pursuant to the above reimbursement provision. Defendant filed a petition in the Circuit Court of Cook County to extinguish the lien, which was granted on September 2, 2002, after plaintiff failed to appear, respond or otherwise contest the petition.

## DISCUSSION

In deciding a Rule 12(b)(1) motion to dismiss we treat all well-pleaded factual allegations as true, drawing all reasonable inferences in favor of the plaintiff.[1]  Iddir v. I.N.S.,

---

[1] We note that there is some disagreement following Knudson, over whether this is best characterized as a question of jurisdiction or whether plaintiff fails to state a claim. See Primax Recoveries Inc. v. Carey, 2002 WL 1968339,*3, n.6 (S.D.N.Y. 2002). While the motion could be based on either ground, the Seventh Circuit has dealt with the issue in the past as a question of jurisdiction. See, e.g., Administrative Committee v. Gauf, 188 F.3d 767, 770-71 (7th Cir. 1999). Nothing in Knudson acts to overrule this and we deal with this as a motion to dismiss pursuant to 12(b)(1). Inasmuch as this is a motion to dismiss for lack of jurisdiction,

301 F.3d 492, 496 (7th Cir. 2002). To determine if we have jurisdiction, we look beyond the face of the complaint to any evidence submitted regarding jurisdiction. *Id.*

Plaintiff now seeks to reinstate the lien and defendant moves to dismiss the claim, arguing that this court lacks subject matter jurisdiction. The health care benefits plan is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* Section 502(a)(3) of ERISA authorizes civil action

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter or the terms of the plan. 29 U.S.C. § 1132(a)(3).

By its terms, this statute authorizes suits for equitable relief only, not legal relief. <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S. 204, 221 (2002). To determine whether we have jurisdiction over plaintiff's suit, we must determine whether the claim is for equitable relief and, if not, dismiss the action.

Plaintiff seeks the following relief: a declaratory judgment declaring that plaintiff is entitled to recover the funds (if any) from the defendant; an injunction barring the defendant from disposing of the funds in any way to prevent plaintiff from collecting; restitutionary relief in the amount that plaintiff paid to defendant; a constructive trust imposed upon any proceeds of the third party lawsuit; and an injunction requiring defendant to tender restitutionary relief to plaintiff upon receipt. While on its face plaintiff appears to be seeking equitable relief, we must look at the substance of plaintiff's complaint and determine whether it seeks "those categories of relief that were typically available in equity." <u>Knudson</u>, 534 U.S. at 210 (*quoting*

---

we offer no thoughts on whether plaintiff may be able to recover from defendant in an appropriate state action.

Mertens v. Hewitt Associates, 508 U.S. 248, 256 (1993)).

In Knudson, the Supreme Court determined that ERISA does not authorize a suit by a plan to impose a lien on funds received by a beneficiary in a lawsuit against third parties. 534 U.S. at 221. Writing for the majority, Justice Scalia stated that the petitioners (the plan) did not seek "particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to *some* funds for benefits that they conferred." *Id.* at 214. Therefore, "[t]he kind of restitution that petitioners seek, therefore, is not equitable – the imposition of a constructive trust or equitable lien on particular property – but legal – the imposition of personal liability for the benefits that they conferred upon respondents." *Id.* Because the funds in question had already been "dissipated" so that they were not easily identifiable, it was impossible for plaintiff to identify a *res* that could be the subject of the trust. *Id.* at 213-14.

The only factual difference between this case and Knudson is that here plaintiffs seek to impose a trust on funds which have not yet been received (and may never be) by defendant. Plaintiff argues that because they seek prospective relief rather than retrospective restitution, their claim is different. The circuit courts have not yet addressed whether this matters in light of Knudson, and the district courts are split on the issue. Two district courts, both in cases involving the plaintiff in this matter, reached differing conclusions.

In Primax Recoveries Inc. v. Duffy, 204 F.Supp. 2d 1111, 1113 (N.D.Ill. 2002), Judge Bucklo determined that Knudson does not "bar a lien on specific funds not yet received." There, Judge Bucklo indicated that Knudson was raised only in a supplemental brief, to which plaintiff did not reply. In Primax Recoveries Inc. v. Carey, 2002 WL 1968339, *3, n. 5

(S.D.N.Y. 2002), Judge Lynch held, following a lengthy discussion of <u>Knudson</u>, that a suit of this type was barred by <u>Knudson,</u> stating that "[s]urely the same conclusion follows *a fortiori* when the 'settlement proceeds' are in nobody's possession, because they are the entirely hypothetical fruit of a potential future settlement that does not yet exist and may never come into being at all."

It seems clear that the fundamental goal of plaintiff's suit is to impose a constructive trust in order to get the money it believes is due under the terms of the benefits plan. Judge Cardozo stated that a "constructive trust is the formula through which the conscience of equity finds expression." <u>Beatty v. Guggenheim Exploration Co.</u>, 225 N.Y. 380, 386 (N.Y. 1919). Generally, parties seek to impose a constructive trust to prevent unjust enrichment. *See* 1 G. Palmer, Law of Restitution § 1.4, p. 16-17 (1978). Where a unique chattel is wrongfully held by one party, another party has an action in equity to gain title to the property. Restatement of Restitution § 160, comment *e*, at 644 (1937).

However, "where money is paid by one person to another as a result of a mistake of such character that the payor is entitled to restitution, he is ordinarily not entitled to maintain a suit in equity for the specific recovery of the money, even though the payee still holds the money so that specific restitution would be possible, since a quasi-contractual action at law would give an adequate remedy." Restatement of Restitution § 160, comment *e*, at 645. Courts of equity did not traditionally allow suits for money damages, even if the plaintiff attempted to characterize the suit as a trust or lien over specific money damages. The Court requires that we recognize this law/equity distinction in determining whether ERISA allows a particular lawsuit. <u>Knudson</u>, 534 U.S. at 217.

This is exactly the situation here. Plaintiff feels that, should defendant be awarded damages or a settlement arising from a third party lawsuit, defendant will be unjustly enriched. As a result, it seeks to recover the money that it advanced under the terms of the plan. It does not matter to plaintiff *which* money it recovers, so long as it gets the money. As such, the substance of its claim is a breach of contract action for damages – a traditional legal claim.

We read the Court's opinion in <u>Knudson</u> to stand for the proposition that, regardless of their motivation, Congress drew a clear line between suits-at-law and suits-at-equity, only the latter of which are authorized by ERISA. "'Equitable' relief must mean *something* less than *all* relief." <u>Knudson</u>, 534 U.S. at 209 (*quoting* <u>Mertens</u>, 508 U.S. at 258, n. 8). Allowing suits of this nature would allow parties to circumvent the statute based simply on *when* they file the lawsuit, rather than the relief they desire. We believe that suits like this are basically suits for money damages "since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." *Id.* at 210 (*quoting* <u>Bowen v. Massachusetts</u>, 487 U.S. 879, 918-19 (1988) (Scalia, J., dissenting)). As suits for money damages seek "the classic form of *legal* relief," they are not authorized by section 502(a)(3). *Id.* (*quoting* <u>Mertens</u>, 508 U.S. at 255).

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 12 , 2002.